**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JORGE ARANGUREN,

Plaintiff,

Case No.:

v.

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON,

Defendant.
_______________________________________/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Jorge Aranguren, by and through undersigned counsel hereby files his Complaint against Defendant, Liberty Life Assurance Company of Boston, and says:

## I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

## II. PARTIES

2. Plaintiff, Jorge Aranguren ("Mr. Aranguren"), is a citizen of the United States of America and was at all times relevant a participant of the long-term disability policy at issue ("long-term disability policy"). Defendant, Liberty Life Assurance Company of Boston ("Liberty"), is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

## III. FACTS

3. At all times material to this action there was in full force and effect a group long-term disability policy constituting a binding contract of insurance between the parties. These policies were underwritten and administered by Liberty.

4. At all times material, Liberty operated under an inherent structural conflict of interest because of Liberty's dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Mr. Aranguren was employed with Wells Fargo & Company, as a financial advisor. By virtue of his employment at Wells Fargo & Company, Mr. Aranguren was an eligible participant of the long-term disability policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Mr. Aranguren a monthly benefit in the event that he became disabled.

7. The long-term disability policy defines Disability, in pertinent part, as follows:

*Disability or Disabled means:*

i. *That during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*

ii. *Thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

8. Mr. Aranguren suffers from the disabling effects of cervical disc disorder with radiculopathy, intervertebral disc disorders with radiculopathy in the lumbar region, atrial fibrillation, obstructive sleep apnea, and hypertension. His physical symptoms include, but are not limited to, chronic pain, fatigue, numbness, and inability to concentrate.

9. Mr. Aranguren has been unable to perform the material and substantial duties of his own occupation, or any occupation; He is disabled under the terms of the long-term disability policy.

10. Mr. Aranguren was forced to discontinue working on April 25, 2016 due to his disabling condition.

11. In accordance with the procedures set forth by the long-term disability policy, Mr. Aranguren notified Liberty that he was disabled.

12. Liberty denied Mr. Aranguren's claim for long-term disability benefits in a letter dated November 02, 2016.

13. Mr. Aranguren timely appealed Liberty's decision to deny his long-term disability benefits by letter dated November 23, 2016.

14. Liberty denied Mr. Aranguren's appeal for long-term disability benefits by letter dated March 08, 2017.

15. Mr. Aranguren exhausted all mandatory appeals under ERISA.

16. In denying Mr. Aranguren's long-term disability benefits, Liberty deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultant.

17. The denial of Mr. Aranguren's disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

18. The denial of Mr. Aranguren's disability benefits breached the fiduciary duties owed to Mr. Aranguren under ERISA. Liberty further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Mr. Aranguren as a participant of the long-term disability policy.

## IV. COUNT II: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 18 as if fully stated herein and says further that:

19. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

20. Plaintiff is entitled to the benefits identified herein because:

a. the benefits are permitted benefits under the policy;

b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

21. Liberty has refused to pay the benefits sought by Mr. Aranguren, ignoring the medical records and clear opinions of numerous physicians.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 as if fully stated herein and says further that:

22. To the extent that Liberty violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## III. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 22 as if fully stated herein and says further that:

23. As a result of the acts and/or omissions of Liberty as alleged herein, Liberty owes Plaintiff unpaid short-term and long-term disability benefits, plus interest.

24. Liberty is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

25. Liberty is also liable to place Plaintiff in the position he would have enjoyed under the policies had he not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jorge Aranguren, prays for a judgment against Defendant, Liberty Life Assurance Company of Boston, for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

***Respectfully submitted this 25th day of April 2017.***

BY: */s/ Edward P. Dabdoub*
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
Kevin Schaefer (FBN. 123688)
kevin@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1205
Miami, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007

*Attorneys for Plaintiff, Jorge Aranguren*